# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-24-TLS |
| | ) | |
| DEREK BRYNER | ) | |

## OPINION AND ORDER

The Defendant, Derek Bryner, has pled guilty to begin a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and is awaiting sentencing. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSIR) in anticipation of the Defendant's sentencing. There is one objection for the Court to resolve. The Government objects to paragraph 32 of the PSIR establishing the Defendant's base offense level at 14. The Government contends that the base offense level should be 20 because the Defendant has a 2013 conviction for Intimidation under Indiana law that should be designated as a felony crime of violence under the United States Sentencing Guidelines, §§ 2K2.1(a)(4)(A) & 4B1.2(a)(1).

The definition of a crime of violence for purposes of § 2K2.1 is found in § 4B1.2(a). Under that provision, a crime of violence is an offense punishable by imprisonment for at least one year that "has as an element the use, attempted use, or threatening use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The categorical approach is the primary method for considering whether a previous conviction qualifies as a predicate crime of violence. *See Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011).

Because Indiana's Intimidation statute is divisible, a modified categorical is appropriate in determining whether the conviction is a violent felony. *See United States v. Ellis*, 622 F.3d

784, 798 (7th Cir. 2010). The Court may, therefore, look beyond the statute and the conviction to the so-called *Shepard* documents—indictments, jury instructions, and plea hearing transcripts—to determine which of the various elements of the statute formed the basis for the conviction. *Descamps*, 570 U.S. at 257; *Shepard v. United States*, 544 U.S. 13, 17 (2005). Once that is done, the categorical approach is again employed to determine whether those elements satisfy the force clause. *United States v. Yang*, 799 F.3d 750, 753 (7th Cir. 2015); *see also Mathis v. United States*, 136 S. Ct. 2243 (2016).

In February 2013, the Indiana statute provided that a "person who communicates a threat to another person, with the intent . . . that the other person be placed in fear of retaliation for a prior lawful act" commits a Class A misdemeanor. Ind. Code § 35-45-2-1(a)(2) (modified July 2013). The statute defines "threat" to include "an expression, by words or action, of an intention to . . . unlawfully injure the person threatened or another person, or damage property." *Id.* § 35–45–2–1(c)(1) (modified 2013). The offense becomes a Class D felony if "the threat is to commit a forcible felony." *Id.* § 35-45-2-1(b)(1)(A) (modified July 2013). A forcible felony is "a felony that involves the use or threat of force against a human being, or in which there is imminent danger of bodily injury to a human being." *Id.* § 35-31.5-2-138 (2012).

The Defendant's charging documents, chronological case summary, and plea hearing show that he was convicted of communicating a threat that he would commit a forcible felony, with the intent that the other person be placed in fear of retaliation for a prior lawful act, a Class D Felony. As the parties note, this Court has previously held that Class D Intimidation was not a crime of violence. The Court reasoned that, because the Intimidation statute's definition of "threat" includes expressions of "an intention to . . . unlawfully injure the person threatened or

2

another person, or *damage property*," Ind. Code § 35–45–2–1(c)(1), the forcible felony a defendant threatened to use could be one that damages property. A threat to damage property, regardless of whether by commission of a forcible felony or otherwise, does not necessarily involve "physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).[1] The Defendant maintains that this reasoning stands because the threat of force against a human being can be met by threatening damage to that human's property. The Government contends that the particular threat at issue here—to commit a forcible felony—is more restrictive than the statute's broader definition of a threat the Court relied upon in *Portee*.

The Court agrees with the Government. Under Indiana law, a threat to commit a forcible felony must be a threat to use force against a human being or to do an act that would place a human being in imminent danger of bodily injury. The Court is not bound by its prior decision, particularly if it was erroneous. Rather, the Court has a duty to calculate the Guidelines correctly. *See United States v. Vrdolyak*, 593 F.3d 676, 678 (7th Cir. 2010) (noting while a sentencing judge is not "required to give a guidelines sentence, he is required to make a correct determination of the guidelines sentencing range as the first step in deciding what sentence to impose") (first citing *Gall v. United States*, 552 U.S. 38, 50 (2007); then citing *United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009)). The Court finds that when a person communicates the kind of threat that is required to sustain a conviction under Indiana Code § 35-45-2-1(b)(1)(A),

---

[1] The case, *United States v. Daniel Portee*, 1:09-CR-89-TLS, was before the Court on a Motion to Correct Sentence Under 28 U.S.C. § 2255. Portee had been sentenced pursuant to the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Portee argued that three of his prior convictions, including one for Intimidation, were no longer considered violent felonies after the Supreme Court invalidated a portion of the ACCA's definition of a predicate crime of violence. Despite finding that his Intimidation conviction did not qualify as a violent felony under the ACCA, the Court denied Portee's Motion because at least three of his other convictions qualified him as an armed career criminal.

he or she has committed an offense that "has as an element the . . . threatened use of physical force against the person of another." U.S.S.G. § 4B1.1(a)(1).

## CONCLUSION

For the reasons stated above, the Court SUSTAINS the Government's objection to the PSIR, and the PSIR will be revised accordingly. The Court will address any other factors related to sentencing at the time of the sentencing hearing, and after the Defendant and the Government have been afforded the opportunity to address the Court. *See* Fed. R. Crim. P. 32(i)(4)(A). Sentencing is confirmed for Monday, June 25, 2018, at 10:00 AM before Judge Theresa L. Springmann.

SO ORDERED on May 29, 2018.

                                                s/ Theresa L. Springmann
                                               CHIEF JUDGE THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT